UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

JEANETTE LYNN JACOBS                                                          CASE NO. 10-52915

DEBTOR

JAMES ROGAN, TRUSTEE                                                           PLAINTIFF

V.                                                                                      ADV. CASE NO. 11-5039

WACHOVIA MORTGAGE CORPORATION,                                    DEFENDANTS
ET AL.

## MEMORANDUM OPINION

Before the Court are cross-motions for summary judgment filed by the Plaintiff James Rogan, as Trustee, and the Defendants Wachovia Mortgage Corporation, Wells Fargo & Company, and Wells Fargo Bank, N.A (collectively the "Defendants").[1]  Having considered the parties' arguments, briefs, and the record, the Court finds that there are no genuine issues of material fact and the Defendants are entitled to judgment as a matter of law.  The filing of a *lis pendens* notice prior to the bankruptcy pursuant to K.R.S. §382.440 naming the Defendant Wachovia Mortgage Corporation as a party in interest gives the Trustee constructive notice of the Defendants' interest and thus that interest cannot be avoided pursuant to 11 U.S.C. §544.  Moreover, the Trustee has failed to provide any evidence that the Defendants fraudulently altered the mortgage at issue in violation of K.R.S. §516.030 and the Defendants are therefore entitled to summary judgment on the Trustee's claim for recovery of his attorneys' fees pursuant to K.R.S. §446.070.

---

[1] Wachovia Mortgage Corporation merged into Wells Fargo, N.A. on or about May 6, 2011 and Wachovia Corporation merged with Wells Fargo & Company on December 31, 2008.

1

**Facts**

The following facts are undisputed. The Debtor Jeanette Lynn Jacobs purchased real property located at 4761 Mount Horeb Pike, Lexington, KY (the "Real Property") on September 15, 2004, with proceeds from a loan provided by U.S. Bank. The loan was secured by a mortgage on the Real Property in favor of U.S. Bank.

After the Debtor acquired the Real Property, she entered into two mortgage transactions with Wachovia Mortgage Corporation ("Wachovia"). First, the Debtor mortgaged the Real Property to Wachovia on March 20, 2007 (the "First Wachovia Mortgage"), securing a debt to Wachovia in the amount of $107,742.00. To do so, the Debtor executed a power of attorney ("First Power of Attorney") authorizing representatives of LSI, a division of Lender Processing Services, Inc. (collectively "LSI"), to sign the First Wachovia Mortgage on her behalf.

LSI is a company that provides appraisal, title and closing services to lenders. Cindy T. Shanabrook, Vice President of Loan Documentation at Wells Fargo Bank, N.A., testified that Wachovia retained LSI as an independent contractor to close the loans between Wachovia and the Debtor. According to Ms. Shanabrook, LSI is not affiliated with any of the Defendants and the Defendants have no control over how LSI performs its business. The Defendants do not employ any employees of LSI nor do the Defendants provide LSI with any instrumentalities or equipment necessary for LSI to complete its work. LSI does not work solely for the Defendants but performs services for a number of different lending companies.

On August 8, 2007, the Debtor executed a second power of attorney ("Second Power of Attorney") that authorized LSI representatives to execute a second mortgage to Wachovia (the "Second Wachovia Mortgage") pledging the Real Property as collateral for a loan of $250,000.00 from Wachovia. LSI signed the Second Wachovia Mortgage on the Debtor's behalf pursuant to the Second Power of Attorney on August 10, 2007.

The Second Wachovia Mortgage and Second Power of Attorney were recorded in the Fayette County Clerk's office on October 24, 2007. Six months later, on April 15, 2008, the First Wachovia Mortgage was recorded in the Fayette County Clerk's office, thirteen months after its execution.  The First Power of Attorney was never recorded.

At some point following the execution of the Second Wachovia Mortgage and Second Power of Attorney, the First Wachovia Mortgage was altered.  The following language appears on the signature page of the recorded version of the First Wachovia Mortgage: "~~clot~~ poa 10/24/07 Bk 2765 pg 679 Inst# 20071024179."  There is no evidence of who made the alteration or when it was made.  The Defendants were not in possession of the First Wachovia Mortgage between the time it was executed and the time it was recorded and the evidence shows that the Defendants have no independent knowledge of how the First or Second Wachovia Mortgage, or the Second Power of Attorney for that matter, were recorded, as LSI conducted the closings of the loans.

U.S. Bank, the holder of the first mortgage against the Real Property, filed a foreclosure action in the Fayette Circuit Court on February 11, 2010 (the "Foreclosure Action"). Paragraphs 7 and 8 of the Foreclosure Action Complaint aver Wachovia may be asserting mortgage claims against the Real Property and identify the First and Second Wachovia Mortgages (collectively the "Mortgages") by their respective dates and recording information.  On February 17, 2010, U.S. Bank recorded a *lis pendens* notice with the Fayette County Clerk identifying the Foreclosure Action and naming the Debtor and Wachovia as defendants in that matter.  On March 15, 2010, Wachovia filed an Answer and Counterclaim in the Fayette Circuit Court action alleging that it was the holder of the Mortgages referenced in the Foreclosure Action Complaint and seeking to recover from the proceeds of sale of the Real Property.

On June 1, 2010, the Fayette Circuit Court entered a Judgment and Order of Sale granting U.S. Bank a first priority lien against the Real Property.  The state court reserved ruling

3

on the priority of the remaining liens.  On August 9, 2010, the Master Commissioner sold the Real Property.

The Debtor filed for Chapter 7 relief on September 13, 2010.  J. James Rogan was appointed the Trustee for the Debtor's estate.  On November 16, 2010, an Agreed Order was entered terminating the automatic stay thereby allowing U.S. Bank to proceed in the Fayette Circuit Court pursuant to the Judgment and Order of Sale.  On February 22, 2011, the Fayette Circuit Court entered an Order Distributing Proceeds to U.S. Bank.  The funds remaining from the sale after satisfying U.S. Bank's lien total $141,171.28 and are being held by the Master Commissioner of the Fayette Circuit Court pending further orders of the state court.

On June 9, 2011, the Trustee filed this adversary proceeding seeking to avoid the First Wachovia Mortgage held by the Defendants pursuant to his power as a hypothetical judicial lien creditor under 11 U.S.C. §544, for the Defendants' failure to properly record the First Power of Attorney pursuant to K.R.S. §382.370.  The Trustee also seeks a determination that he has priority and entitlement to the remaining sale proceeds because the Defendants had actual knowledge of the First Wachovia Mortgage when it recorded the Second Wachovia Mortgage.  Finally, the Trustee seeks to recover his attorneys' fees for the Defendants' allegedly fraudulent act of altering the First Wachovia Mortgage pursuant to KRS §446.070 and §516.030.

**Jurisdiction**

The Court has jurisdiction pursuant to 28 U.S.C. §1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K).  Venue is proper pursuant to 28 U.S.C. §1409.

**Analysis**

**A.    Count I - 11 U.S.C. §544**

The Trustee's primary argument is that the First Wachovia Mortgage may be avoided pursuant to the Trustee's strong-arm powers under 11 U.S.C. §544 because Wachovia failed to record the First Power of Attorney pursuant to K.R.S. §382.370.  Wachovia does not dispute

4

that it failed to record the First Power of Attorney, but argues that the Trustee had constructive notice of the First Wachovia Mortgage by virtue of the *lis pendens* filed by U.S. Bank naming Wachovia as a party in interest, as well as the recording of the First Wachovia Mortgage on April 15, 2008 prior to the bankruptcy pursuant to K.R.S. §382.270.

Constructive notice provided by a *lis pendens* filing precludes a trustee from avoiding a defective mortgage under §544(a)(3).  *See Treinish v. Norest Bank Minn, N.A. (In re Periandri)*, 266 B.R. 651, 655 (6th Cir. B.A.P. 2001).  While *Periandri* was based on Ohio law, Kentucky law is in accord.  *See Kendrick v. CIT Small Business Lending Corp. (In re Gruseck & Son, Inc.)*, 385 B.R. 799, *7 (6th Cir. B.A.P. 2008) (table) (*citing Cumberland Lumber Company v. First and Farmers Bank of Somerset, Inc.*, 838 S.W.2d 403, 405 (Ky. App. 1992) ("[O]ne who acquires an interest in property, whether by purchase, lien or other encumbrance, after the filing of a *lis pendens* notice, takes that interest subject to the results of the litigation.  Actual knowledge of the pending action is not necessary to bind the pendent lite purchaser.")); *Johnson v. CIT Group/Consumer Fin. Inc. (In re Franklin)*, No. 05-5110, 2006 WL 3876501, *3 (Bankr. E.D. Ky. Jan. 25, 2006) (despite defective mortgage, properly executed and recorded *lis pendens* notice provided constructive notice to subsequent purchasers and creditors including bankruptcy trustee, sufficient to defeat trustee's status as bona fide purchaser without notice and preclude avoidance of defective mortgage under §544).

The Trustee attempts to skirt the *lis pendens* notice by arguing that U.S. Bank's *lis pendens* notice is not sufficient to put him on notice of the First Wachovia Mortgage because U.S. bank, not Wachovia, filed the notice.  The Court disagrees.

The concept of *lis pendens* is that once an action involving claims against real estate is commenced, any party thereafter acquiring an interest in the real property acquires such right subject to the final resolution of the action.  *See Roberts v. Cardwell*, 157 S.W.711, 713 (Ky.

5

1913). At common law, this was true regardless of whether the party had notice of the litigation or not.

The Kentucky legislature created K.R.S. §382.440 to ameliorate this harsh result by instituting a mechanism to protect third parties by requiring notice in real estate records. *See Watts v. Noble*, 262 S.W.1114, 1116 (Ky. 1924). K.R.S. §382.440 provides in part:

> (1) No action, cross-action, counterclaim, or any other proceeding except actions for forcible detainer or forcible entry or detainer, commenced or filed in any court of this state, in which the title to, or the possession or use of, or any lien, tax, assessment, or charge on real property, or any interest therein, is in any manner affected or involved, nor any order nor judgment therein, nor any sale or other proceeding, nor any proceeding in, nor judgment or decree rendered, in a district court of the United States, shall in any manner affect the right, title or interest of any subsequent purchaser, lessee, or encumbrancer of such real property, or interest for value and without notice thereof, except from the time there is filed, in the office of the county clerk of the county in which such real property or the greater part thereof lie, a memorandum stating:
>
> > (a) The number of the action, if it is numbered, and the style of such action or proceeding and the court in which it is commenced, or is pending;
> >
> > (b) The name of the person whose right, title, interest in, or claim to, real property is involved or affected; and
> >
> > (c) A description of the real property in the county thereby affected.

In addition, K.R.S. §382.440(2) states that the notice "may be filed by any party in interest" and "no notice shall extend to the interest of any person not designated therein." Furthermore, a foreclosing party is required to name all those he knows to have an interest in the property at the time of the filing of his petition even if that interest is unrecorded. *See Cumberland Lumber Co.*, 838 S.W.2d at 405.

Here, it is undisputed that U.S. Bank filed a *lis pendens* notice in compliance with K.R.S. §382.440 and listed Wachovia as a party in interest. It does not matter that U.S. Bank was the party that actually filed the *lis pendens* notice; rather, because Wachovia was designated as a party in interest on the notice, the Trustee was on constructive notice of Wachovia's interest.

*See Ben Williamson & Co. v. Hall*, 161 S.W.2d 905, 906 (Ky. App. 1942) ("According to the generally accepted view, *lis pendens* is notice of all facts apparent on the face of the pleadings and exhibits and of all other facts of which they would put a person of ordinary prudence on inquiry."). It would make little sense to require a creditor, already listed on a *lis pendens* notice, to file another *lis pendens* notice to protect its interest.

Moreover, the Court agrees with the Defendant that the recording of the First Wachovia Mortgage also puts the Trustee on constructive notice, regardless of the Defendants' failure to record the First Power of Attorney pursuant to K.R.S. §382.370.[2] Under Kentucky law,

> [I]f a deed or deed of trust or mortgage conveying a legal or equitable title to real property is not so acknowledged or proved according to law, but is or has been otherwise lodged for record, such deed or deed of trust or mortgage conveying a legal or equitable title to real property or creating a mortgage lien on real property shall be deemed to be validly lodged for record for purposes of KRS Chapter 382, and all interested parties shall be on constructive notice of the contents thereof.

K.R.S. §382.270. The recording of the First Wachovia Mortgage puts the Trustee on constructive notice of its contents, regardless of whether the First Power of Attorney was recorded. For these reasons, the Defendants are entitled to summary judgment on Count I.

**B.    Count II - K.R.S. §446.070 and §516.030**

The parties also seek summary judgment on the issue of whether the Trustee is entitled to his attorneys' fees under K.R.S. §446.070 because the Defendants fraudulently altered the First Mortgage in violation of K.R.S. §516.030. K.R.S. §446.070 states,

> [A] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation.

---

[2] K.R.S. §382.370 states, in relevant part, that "[p]owers of attorney to convey or release real or personal property, or any interest therein, may be acknowledged, proved and recorded in the proper office, in the manner prescribed for recording conveyances. If the conveyance made under a power, is required by law to be recorded or lodged for record, to make the same valid against creditors and purchasers, then the power must be lodged or recorded in a like manner…"

7

The Trustee argues that he may recover under K.R.S. §446.070 because the Defendants have altered the First Wachovia Mortgage, thereby violating K.R.S. §516.030, which states,

> [a] person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument which is or purports to be or which is calculated to become or to represent when completed: (a) a deed, will, codicil, contract, assignment, commercial instrument, credit card or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status…

Assuming that the alteration of the First Wachovia Mortgage is even a violation of §516.030, the Trustee cannot prevail under K.R.S. §446.070 because he has produced no proof that the Defendants altered the document. K.R.S. §446.070 allows recovery from the "offender" and it is undisputed that the Defendants had no role in the closing of the Debtors' loans or in the recording of the Mortgages; rather, those duties were the responsibility of LSI.

The Trustee argues that LSI altered the First Wachovia Mortgage and as the Defendants' agent, the Defendants are liable as the "offender" for LSI's acts. But again, the Trustee has no proof beyond his own speculation that LSI altered the First Wachovia Mortgage. Furthermore, the only evidence in the record as to LSI's relationship with the Defendants shows that LSI was an independent contractor of the Defendants and as an independent contractor, the Defendants are not vicariously liable for LSI's acts, even assuming that LSI altered the Mortgage or that it did so fraudulently. *See Nazar v. Branham*, 291 S.W.3d 599, 606 (Ky. 2009) ("A principal may be held vicariously liable for the negligent acts of his or her agent, but generally is not held liable for the conduct of an independent contractor").

The Trustee cannot meet his burden of proof, or defeat the Defendants' Motion for Summary Judgment, on mere speculation alone. *Bryant v. Kentucky*, 490 F.2d 1273, 1275 (6th Cir. 1974). Thus, the Defendants are entitled judgment as a matter of law on the Trustee's claims based on fraudulent alteration pursuant to K.R.S. §446.070 and K.R.S. §516.030 as well.

**Conclusion**

Based on the foregoing findings of fact and conclusions of law, the Court shall grant the Defendants' Motion for Summary Judgment and deny the Trustee's Motion for Summary Judgment. A separate order shall be entered accordingly.

Copies To:

J. James Rogan, Esq.

John P. Brice, Esq.

Ellen Arvin Kennedy, Esq.

John M. Spires, Esq.

9

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Thursday, May 17, 2012
(tnw)**